Curia, •per
Nott, J.
The first question in this case is whether the scrawl of a pen made with the intention of representing a seal is sufficient to constitute a specialty! It might be sufficient in finswer to this question to observe that such has been the usage of the state ever since the revolution and probably long before. And during that long period such instruments have been regarded as spb- *269 ffialtieS and Recognized as such b}r all the tribunals of this state. The case principally relied on by the plaintiff in opposition to this principle is that of Warren vs. Lynch, 5 Johnson’s Rep. 239, where Judge Kent with his usual learning and research has endeavored to show that nothing but wax will constitute a seal in England, and from whence he has drawn the conclusion that wax or some other tenacious substance capable of receiving and retaining an impression is necessary for the same purpose in New York. But it is not necessary for the purpose of deciding the question now before us to enquire into the truth of the fact which that learned judge has attempted to establish, nor the correctness of the conclusion to which he has arrived. For even though it should be admitted that a scrawl has never been introduced into England or New York as a substitute for a seal and therefore can not now be regarded as such, it does not follow that it may not be so received in this state, where the practice has so long prevailed. It is admitted in New-York that such is the practice in Pennsylvania and Virginia. Meredith vs. Hensdale, 2 Cains 362. Warren vs. Lynch, 5 Johnson 244. In the case of the United States vs. Coffin, Bee’s Admiralty Reports 140, C. J. Elsworth held the letters L. S. enclosed in the circumflex of a pen was sufficient to a custom house bond, when acknowledged by the party as his seal, to make it a specialty. And I have very little doubt that such is the law of every state in the union, ex-New York. Nor do I think, when the subject comes to be investigated, that it is doing any such violence to the principles of the common law as it seems to be supposed. The whole discussion seems to have arisen from what appears to me a misconstruction of Lord Coke’s definition of the word Sigellum. Sigellum est cera impressa, quia cera, sine impressione, non est sigillum. From hence it is concluded that Lord Coke meant to be understood that *270 wax would constitute a seal. But the expression of Lord Coke is, cera, sine impressione, non est sigillum. So that it is the impression at least which constitutes the seal and not the wax. The wax is not added as a necessary ingredient of the deed, but merely as a substance on which the impression may more easily be made. And Judge Kent admits that inNew-York a wafer, paste, or any other tenacious substance capable of receiving an impression, may be received as a substitute. And if it is the impression which constitutes the seal, I can see no good reason why it may not as well be made on the paper itself as on any substance annexed, and be as well made with a pen as with any instrument. It does not appear to me to be such a departure as to afford any just cause of alarm. In Sheppard’s Touchstone, it is said, if a party seal a deed with any seal besides his own or with a stick or any such like thing which doth make a print, it is good. Shep. 56-7. In Kecvc’s History of the English law it is also said, that although the word sigillum often occurs in the old charters, yet some great antiquarians, among whom is Sir Henry Spelman, have agreed that this did not mean a seal of wax, but was used synonimously for signum and denoted the sign of the cross and other symbols made use of in those times. 1 Reeve II. And although the common and civil law writers do speak of seals as necessary to the ratification of certain instruments, they say nothing of the material of which they were composed. Wax is indeed sometimes alluded to as being in use, but I do not know that it is any where held necessary. It is certain that the most ancient deeds and charters in England were solemnized by the sign of the cross or by the hand writing of the party, to which the cross was annexed, without any other semblance of a seal. And it was not until long after the Norman conquest that seals were introduced into common use in England. 1 Reeve 11. 2 Blk. Com. 306.. *271 In Terms de La Ley, tit. Deed, 150, it is said tbat Ingul-phus, the Abbot of Croiland, complained of the introduction of waxen seals by the Normans instead of crosses of gold, and other holy signs, as an innovation on the laws of England. And Richard Lacie, chief justice of England, in the time of Henry II. held that a mean man had no x-ight to use a private seal; that it was a privilege which pertained to the king and nobility only; and I think it would be difficult to establish that a cross might not be used instead of a seal even in England at this day. That however is not material to the present question. The same usage which established the waxen seal in England sanctions the scrawl in this state and gives it all the solemnity of a seal.
The next question is whether the scrawl itself can-ies with it sufficient evidence of the intention, without any evidence aliunde. And on that question I have as little difficulty. When a person makes use of a well known symbol or cypher which has usually been employed for the purpose of a seal and no other, the court will presume that it wras annexed for that purpose; and this opinion is not, as seems to be supposed, at all at variance with the decision heretofore made in the case of Strange vs. Gaston. The question there was not whether the party by adding the scrawl intended it as a seal, but whether the scrawl had actually been annexed by him at the time the note was executed, and the court decided that the mere circumstance of a scrawl appearing upon the paper, without any declaration of the party that a seal had been affixed, nor any other evidence of the fact, was not sufficient to constitute a deed. And if it had been a piece of wax the decision might have been the same. If a person were to introduce as a seal some hitherto unknown and unusual symbol or hieroglyphic, perhaps some additional evidence of his intention wrould be required.
*272 The next question is whether the annexation of the scrawl, and the intention, may be proved by parol evidence, or whether it must appear on the face of the instrument, by the acknowledgement of the party that he had affixed a seal? It is very well settled that it is the seal and not the allegation of the party to the instrument, that constitutes the deed. It is said in Comyn that it need not be mentioned in the deed, sigillum apposui, 4 Com. D. 157; and if a corporation seals there is no need to say si-gillum nostrum commune. See, also, 5 Bacon 159, tit. Obligation C. I think, nevertheless, that the safest method always is to observe the usual formality, “ signed,-sealed and delivered,” for then the more doubtful testimony aliunde need not be resorted to.
The only remaining question on this branch of the case is whether there was sufficient evidence in this instance of the annexation of the scrawl. The witness who appears to have had a familiar acquaintance with the hand writing of the intestate said he had a peculiar method of making a scrawl which he intended as a seal, and he thought from that circumstance that this was made by him and that the initials L. S. which were also.added were by the same hand; and I think that was sufficient evidence to go to the jury.
Another ground of the motion is that the defendant had no right to retain, as the debt was not due at the time. On that question I concur with the presiding judge, and have nothing to add to the reasons which he has given for his decision. The motion is therefore refused.

New trial refused.